# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| DARDAR PAYE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CR404-043 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, presently incarcerated at the Moshannon Valley Correctional Facility in Philipsburg, Pennsylvania, has submitted various papers to this Court alleging an error by the Bureau of Prisons in the computation of his federal sentence. Docs. 74, 77, 78. After this Court sentenced petitioner to a term of 41 months' incarceration, a New Jersey state court sentenced him to three years' incarceration to run concurrently with the federal sentence. Doc. 78. In essence, petitioner requests credit for time served. To that extent, these claims are properly brought in an action pursuant to 28 U.S.C. § 2241. See United States v.

Williams, 425 F.3d 987, 990 (11th Cir. 2005) ("A claim for credit for time served is brought under 28 U.S.C. § 2241").

As petitioner is challenging the duration of his confinement as calculated by the BOP, he must therefore satisfy the jurisdictional requirements of § 2241 and prosecute this action in the district of incarceration. This Court lacks personal jurisdiction over the proper respondent, presumably the warden of the Moshannon Valley Correctional Facility. "The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95 (1973). There is significant authority for the proposition that the immediate custodian is the proper party in a habeas case brought pursuant to § 2241. Rumsfeld v. Padilla, 542 U.S. 426 (2004) (§ 2241 action must be brought against petitioner's immediate custodian); Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated."); Breazeale v.

Bradley, 582 F.2d 56 (5th Cir. 1978);[1] Blau v. United States, 566 F.2d 526, 527 (5th Cir. 1978); see also King v. Lynaugh, 729 F. Supp. 57, 59 (W.D. Tex. 1990). Other Circuits have reached similar conclusions. See Chatman-Bey v. Thornburgh, 864 F.2d 804, 812-13 (D.C. Cir. 1988) (en banc); United States v. Hutchings, 835 F.2d 185, 187 (8th Cir. 1987). As this Court lacks personal jurisdiction over the petitioner's custodian, it is recommended that the instant petition, construed as an application for habeas relief under 28 U.S.C. § 2241, be DISMISSED.

In the alternative, the § 2241 petition could be transferred to the district where petitioner is confined. 28 U.S.C. § 1631 (specifically granting the federal courts power to transfer to cure a want of jurisdiction); see Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990). However, "[t]he Bureau of Prisons, as opposed to the district courts, is authorized to compute sentence credit awards after sentencing." United States v. Luna-Mora, 180 Fed. Appx. 847, 849 (11th Cir. 2006) (citing United States v. Wilson, 503 U.S. 329, 333-35 (1992) (construing 18 U.S.C. § 3585(b)(2), the relevant statute regarding credit for time

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

served)). As a result, "a federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence." United States v. Flanagan, 868 F.2d 1544, 1546 (11th Cir. 1989) (interpreting § 3585(b)'s predecessor, § 3568). "A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies." United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000). Accordingly, this petition, doc. 78, should be DISMISSED, so that petitioner may first exhaust his administrative remedies with the Bureau of Prisons. Petitioner is advised that when he has done so, he may file a proper petition pursuant to 28 U.S.C. § 2241 with the United States District Court for the Middle District of Pennsylvania.

**SO REPORTED AND RECOMMENDED** this 25 day of **May, 2007.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA